LEIBRAND v. CURTRIGHT.

1. VENDOR AND PURCHASER—RECEIVERS—APPOINTMENT.
    Appointment of defendants' attorney as receiver to collect rent from vendees under land contract pending foreclosure thereof under Act No. 122, § 25a, Pub. Acts 1933, not providing therefor, *held*, error.

2. COSTS—UNSATISFACTORY BRIEF.
    No costs are allowed where nature of appellant's brief is unsatisfactory.

Appeal from Wayne, Marschner (Adolph F.), J. Submitted April 3, 1934. (Calendar No. 37,650.) Decided June 21, 1934.

Bill by G. C. Leibrand against Dios M. Curtright and Esther A. Curtright to foreclose a land contract, for the appointment of a receiver and other relief. Cross-bill by defendants against plaintiff. From order appointing defendants' attorney receiver, plaintiff appeals. Reversed.

*Leibrand & Leibrand,* for plaintiff.
*Charles Bowles,* for defendants.

Bushnell, J. Plaintiff filed a bill to foreclose a land contract and a receiver was appointed *ex parte.* An order to show cause why one of the tenants of the property should not be punished for contempt of court was dismissed. Defendant's motion to vacate the order of appointment of the receiver was argued and granted, from which no appeal was taken. Plaintiff later filed a motion seeking an order to require defendants to comply with their land contract, or for the appointment of a receiver. The court on August 8, 1933, ordered the defendants to pay a rental of $20 a month for six months, and deliver to plaintiff all welfare rental certificates received by them. No appeal was taken from this order. Later, plaintiff sought a modification of the order of August 8th, and the court on October 6th, on its own motion, appointed defendant's attorney as receiver. We granted plaintiff leave to appeal from this order, whereupon the receiver submitted his first and final account and tendered his resignation. The account was approved, the receiver discharged and his bond canceled.

Appellee argues that there remains no issue for determination by this court.

Appellant's brief does not comply with Court Rule No. 67, § 2 (1933), in that the "Statement of Facts" is not "a clear and concise chronological statement in brief, narrative form, of the facts of the case," etc. Section 3 of the rule seems to be entirely ignored, but instead we find a heading entitled, "Conclusion," consisting of 13 pages.

Both parties agree that the court was in error in the appointment of the receiver, but neither of them satisfactorily points out the nature of the error except that plaintiff claims his petition is brought under the provisions of Act No. 122, § 25a, Pub. Acts

1933. This act does not provide for the appointment of a receiver. The order of October 6, 1933, is set aside and the matter remanded for proceedings in conformity to this opinion. Because of the unsatisfactory nature of appellant's brief, no costs will be allowed.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.